LAW OFFICE OF
GARO B. GHAZARIAN
State Bar No. 152790
15915 Ventura Blvd., Suite 203
Encino, California 91436
Tel: (818)905-6484
Fax: (818)905-6481

Attorney for Defendant
LEVON VARTANYAN

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LEVON VARTANYAN,<br>aka Levon Vardanyan,<br>Gevorg Grigoryan,<br>Gevorg Grigoryan,<br>Defendant. | No. CR-S-04-0024LKK<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE; AND ORDER**<br><br>CURRENT DATE:<br>October 20, 2005 at 9:30 am<br>PROPOSED DATE:<br>November 1, 2005 at 9:30 am |

Defendant LEVON VARTANYAN by and through his attorney of record, Garo B. Ghazarian, and plaintiff, UNITED STATES OF AMERICA, by and through Assistant United States Attorney Daniel S. Linhardt, hereby seek and stipulate to a continuance of the status conference date. The status conference for defendant LEVON VARTANYAN in this matter is currently scheduled for October 20, 2005, at 9:30 a.m. The parties seek to continue the status conference to November 1, 2005, at 9:30 a.m.

THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. Defendant LEVON VARTANYAN appeared before Magistrate Peter Nowinski on June 7, 2005. The Speedy Trial Act of 1974, 18 U.S.C. § 3161(C)(1) originally required that the trial of defendant LEVON VARTANYAN commence on or before August 17, 2005.

2. On June 7, 2005, defendant LEVON VARTANYAN was arraigned on the indictment before the Honorable Peter Nowinski, at which time, a status conference was scheduled for July 12, 2005.  The court found that the time period from June 7, 2005, to July 12, 2005 was excludable time within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

3. Based on a stipulation by the parties, the Court continued the status conference date to October 18, 2005. The Court found that the time period from July 12, 2005 to October 18, 2005, was excludable time within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

4. The Court continued the status conference from October 18, 2005 to October 20, 2005.

5. By this stipulation, the defendant moves to continue the status conference from October 20, 2005, at 9:30 a.m. to November 1, 2005, at 9:30 a.m. The Government does not object to the continuance.

6. The requested continuance is necessary because the parties have reached a tentative plea agreement in this matter. Defense counsel needs additional time to discuss and competently and adequately advise defendant LEVON VARTANYAN regarding the proposed plea agreement.

    7.  Failure to grant the above-requested continuance would deny the defendant's counsel the reasonable time necessary for effective preparation and representation of defendant LEVON VARTANYAN, for effective plea negotiations, and for trial preparation if plea negotiations fail, taking into account the exercise of due diligence.

    8.  Defendant LEVON VARTANYAN's counsel has discussed defendant's speedy trial rights and this stipulation with the defendant.  Defendant LEVON VARTANYAN concurs with the requested continuance.

    9.  The time from October 20, 2005 to November 1, 2005, constitutes a reasonable period of delay.

    10.  Based on the foregoing facts, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    11.  The time from October 20, 2005, to November 1, 2005, inclusive, is properly excludable from the computation of the time within which trial of this action must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

    12. For the purpose of computing such time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period starting October 20, 2005, to November 1, 2005, should be excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the judge at the defendant's request without government objection on the basis of the judge's finding that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial.

13. The parties agree and stipulate, and ask the Court to find, that nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which the status conference is scheduled.

14. By his signature below, defendant's counsel, Garo B. Ghazarian, represents that he has conferred with defendant LEVON VARTANYAN about this stipulation and that defendant concurs in all facts and requests contained in this stipulation.

IT IS SO STIPULATED.

Respectfully submitted,

Date: October 11, 2005

/S/Garo Ghazarian
GARO B. GHAZARIAN
Attorney for Defendant
LEVON VARTANYAN

McGREGOR W. SCOTT
United States Attorney

Date: October 11, 2005

/S/Garo B. Ghazarian for Daniel Lindhardt-phone authoriztion
DANIEL S. LINHARDT
Assistant United States Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

**O R D E R**

In light of the foregoing stipulation, and good cause appearing thereon, IT IS HEREBY FOUND AND ORDERED as follows:

1. The status conference for defendant LEVON VARTANYAN is continued from October 20, 2005, at 9:30 a.m. to November 1, 2005, at 9:30 a.m.

2. For the purpose of computing the time within which trial must commence under the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et. seq., the period of time from October 20, 2005 through and including November 1, 2005, shall be deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A).

IT IS SO ORDERED.

Dated: October 12, 2005

/s/Lawrence K. Karlton
HONORABLE LAWRENCE K. KARLTON
UNITED STATES DISTRICT COURT JUDGE